UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BRENT H.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00183-KMB-JMS |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Brent H. initially applied for disability insurance benefits from the Social Security Administration ("SSA") in January 2017, alleging an onset date of January 10, 2015. [Dkts. 5-5 at 2; 5-6 at 2.] His application was denied initially and on reconsideration. [Dkt. 5-4 at 2, 7.] Brent appeared at a hearing before Administrative Law Judge Timothy Turner (the "ALJ") on March 5, 2019. [Dkt. 5-2 at 16.] The ALJ issued a decision on April 17, 2019, concluding that Brent was not entitled to receive disability benefits. [*Id.* at 27.] The Appeals Council denied review on March 27, 2020. [*Id.* at 2.] Brent filed a complaint with this Court on April 16, 2020, and a joint motion to remand was subsequently filed and granted. *Brent H. v. Saul*, No. 4:20-cv-00085-DML-TWP, Dkts. 1, 26, 27 (S.D. Ind. filed April 16, 2020).

Brent's remand hearing was held before the ALJ on July 6, 2021, after which the ALJ issued an unfavorable decision on July 22, 2021. [Dkt. 5-10 at 2, 24.] Brent timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision. [Dkt. 1.]

---

[1] To protect the privacy interests of claimants for Social Security benefits, and consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinions.

1

# I. STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Id.* "[S]ubstantial evidence" is such relevant "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). "[E]ven under this deferential standard of review, an ALJ must provide a logical bridge between the evidence and his conclusions." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (internal quotation marks and citation omitted).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The ALJ must evaluate the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of

the impairments listed by the [Commissioner] . . . ; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted). "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id*. The ALJ uses the RFC at Step Four to determine whether the claimant can perform [his] own past relevant work, and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (v). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *See Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Typically, a remand is also appropriate when the decision is not supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

## II. BACKGROUND

Brent was born in 1967 and was forty-nine years old on the date last insured.[2] [Dkts. 5-5 at 2; 5-10 at 6.] The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4) and concluded that Brent was not disabled. [Dkt. 5-10 at 7-17.] Specifically, the ALJ found as follows:

- At Step One, the ALJ found that Brent had not engaged in substantial gainful activity[3] since the alleged onset date of January 10, 2015, through his date last insured of September 30, 2016. [*Id.* at 7.]

- At Step Two, the ALJ determined that Brent's severe impairments through the date last insured are as follows: osteoarthritis; lumbar radiculopathy; thyroid disorder; obstructive sleep apnea, diabetes mellitus; obesity. [*Id.* at 8-9.]

- At Step Three, the ALJ determined that no listings were met or medically equaled. [*Id.* at 9-10.]

- After Step Three but before Step Four, the ALJ found that Brent had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), "except lifting 10 pounds occasionally, less than 10 pounds frequently; sitting for 6 hours; standing for 2 hours; alternate to sitting for 5 minutes, after every 20 minutes of standing; would need to alternate to sitting for 5 minutes, after every 15 minutes of walking; and push/pull as much as lift/carry. [Brent] can climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; balance (as described by the SCO) occasionally and stoop, kneel, crouch, and crawl occasionally. [Brent] can never work at unprotected heights; never work with moving mechanical parts; extreme cold and extreme heat occasionally; vibration occasionally. [Brent is] [l]imited to jobs that can be performed while using a hand-held assistive device (crutch, cane, etc.) required only for uneven terrain or prolonged ambulation, the contralateral upper extremity can be used to lift and carry up to the exertional limits." [*Id.* at 10-15.]

- At Step Four, relying on the testimony of the vocational expert ("VE") and considering Brent's RFC, the ALJ determined that Brent was unable to perform past relevant work as a nursery manager, hand packager, or maintenance electrician. [*Id.* at 15.]

---

[2] The relevant evidence of record is amply set forth in the Parties' briefs and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

[3] Substantial gainful activity is defined as work activity that is both substantial (i.e., involves significant physical or mental activities) and gainful (i.e., work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a), (b).

4

- At Step Five, relying on the VE's testimony and considering Brent's age, education, work experience, and RFC, the ALJ determined that through the date last insured, Brent could have performed the following jobs that existed in significant numbers in the national economy: surveillance-system monitor, order clerk, and call-out operator. [*Id.* at 15-16.]

### III. DISCUSSION

In seeking judicial review, Brent contends that the ALJ erred in three ways. [Dkt. 12 at 3.] First, he contends that the ALJ erred by failing to include limitations from the testifying medical expert in the RFC.[4] [*Id.* at 15-18.] Second, he contends that the ALJ erred in evaluating Brent's subjective complaints. [*Id.* at 18-23.] Third, he contends that the ALJ erred between Steps Three and Four by failing to include any psychological limitations in the RFC and at Step Five by not including any psychological limitations in the hypothetical questions posed to the VE. [*Id.* at 23-28.] As the Court finds the third issue to be dispositive and require remand, it will not substantively address the first or second issues raised.

**A. The ALJ erred by failing to explain why Brent's psychological limitations were not included in the RFC assessment or in the hypothetical questions posed to the VE.**

Brent argues that the ALJ's failure to include his psychological limitations in the RFC assessment and in the hypothetical questions to the VE is reversible error. [Dkt. 12 at 23-28.] Brent asserts that the ALJ must include *all* limitations for a claimant in the RFC assessment and hypothetical questions, even those that are not severe. [*Id.* at 23.] While Brent acknowledges that

---

[4] With respect to this first argument, the Parties primarily disagree about what the medical expert meant when he testified that Brent would need to take a "break" or "rest." Brent argues that the medical expert testified that he would need to take a five-to-ten-minute break after two hours of standing or walking, [dkt. 12 at 17-18], which he contends meant that he would need to take a break from work and thus be off task for that time, [dkt. 15 at 1-5]. The Commissioner argues that the medical expert meant that Brent would need a break from standing or walking—not from working. [Dkt. 14 at 4-6.] While the Court finds that remand is warranted on other grounds and accordingly need not fully address this argument, it notes that the hearing testimony supports the Commissioner's argument that the "break" refers to a break from standing or walking, not a break from working entirely. [*See* dkt. 5-10 at 47-50.]

5

the mild psychological limitations assessed by the ALJ do not necessarily prevent him from being able to function satisfactorily, he argues that when combined with other severe and non-severe limitations, they may be the difference between one who is able to sustain full-time, competitive employment and one who is not. [*Id.* at 26.] Further, Brent claims that the failure to include such mild limitations in the ALJ's hypothetical questions to the VE prevented the VE from having a "complete picture" of his RFC. [*Id.* at 27.]

The Commissioner disagrees, arguing that the ALJ did not need to include limitations for Brent's non-severe mental impairments. [Dkt. 14 at 9-11.] The Commissioner highlights the ALJ's analysis of Brent's mental limitations and argues that the ALJ was not required to include them in the RFC assessment for two reasons. [*Id.* at 9-10.] First, the Commissioner argues that "no medical source found that [Brent] had any work-related mental limitations," relying on the fact that Brent did not present argument that his mental limitations went beyond those mild limitations found by the ALJ. [*Id.* at 10.] The Commissioner further argues that two state-agency psychologists reviewed Brent's record documenting his mental impairments, and neither concluded that Brent had any functional limitations from them. [*Id.*] Second, the Commissioner argues that Brent points to no evidence that his mild mental limitations would rise to the level of restriction that Brent outlines as a possibility in his argument. [*Id.* at 10-11.] "In short," the Commissioner argues, "[Brent] has not met his burden of establishing that his mental impairments interfered with his functional abilities." [*Id.* at 11.]

The Seventh Circuit requires that an ALJ "consider the limitations imposed by all impairments, severe and non-severe." *Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019). *See also* 20 C.F.R. §§ 404.1545(a)(2), 404.1545(e), 416.945(a)(2), 416.945(e); SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996) ("In assessing RFC, the adjudicator must consider limitations

6

and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). An ALJ errs when he "fail[s] to incorporate [the claimant's] mental impairments into the RFC without sufficient explanation and fail[s] to consider how these mental impairments, even if mild, might interact with [the claimant's] physical impairments." *Vinzani v. Berryhill*, No. 2:16-CV-62-JEM, 2017 WL 1161013, at *4 (N.D. Ind. Mar. 28, 2017). Courts have found that "[t]he duty to analyze non-severe impairments in formulating a claimant's RFC to be used at steps four and five is fundamental to the disability programs under the Social Security Act." *Jeremy L. J. v. Saul*, 4:19-cv-00031-RLY-DML, 2020 WL 1033795, at *5 (S.D. Ind. Feb. 14, 2020), *adopted by* 2020 WL 1027983 (Mar. 3, 2020). *See also Simon-Leveque v. Colvin*, 229 F. Supp. 3d 778, 787 (N.D. Ill. 2017) ("While a mild, or even a moderate, limitation in an area of mental functioning does not *necessarily* prevent an individual from securing gainful employment, . . . the ALJ must still affirmatively *evaluate* the effect such mild limitations have on the claimant's RFC." (citation omitted)).

An ALJ must also "include all of a claimant's limitations supported by the medical record" in the hypothetical questions posed to the VE. *Deborah M. v. Saul*, 994 F.3d 785, 791 (7th Cir. 2021). The Seventh Circuit has "stated repeatedly that ALJs must provide vocational experts with a complete picture of a claimant's residual functional capacity, and vocational experts must consider 'deficiencies of concentration, persistence, and pace.'" *Jelinek v. Astrue*, 662 F.3d 805, 813 (7th Cir. 2011) (citation omitted). "When the hypothetical question is fundamentally flawed because it is limited to the facts presented in the question and does not include all of the limitations supported by medical evidence in the record, the decision of the ALJ that a claimant can adjust to other work in the economy cannot stand." *Young v. Barnhart*, 362 F.3d 995, 1005 (7th Cir. 2004). Several courts in the Seventh Circuit have held that remand is appropriate when an ALJ's

hypothetical questions to the VE fail to "account for mental limitations arising from mild difficulties in concentration, persistence, or pace." *Todd A. v. Berryhill*, No. 1:17-cv-03585-SEB-TAB, 2018 WL 4017757, at *5 (S.D. Ind. July 26, 2018), *adopted by* 2018 WL 4007651 (Aug. 21, 2018).

The ALJ found that Brent had non-severe depression as well as mild limitations in the following areas: the ability to understand, remember, or apply information; the ability to interact with others; the ability to concentrate, persist, or maintain pace; and the ability to adapt or manage himself. [Dkt. 5-10 at 8-9.] The ALJ also found the opinion of Dr. Joelle J. Larsen, who determined that Brent had mild mental limitations, to be persuasive and supported by record evidence. [*Id.* at 13.] While the ALJ stated that his RFC assessment "reflects the degree of limitation" that he "found in the 'paragraph B' mental function analysis," he did not include any of the mental limitations in the actual RFC or provide an explanation as to why these limitations were excluded. [*Id.* at 9-15.] Failure to incorporate such limitations—without explanation—was erroneous and warrants remand. The same is true of the ALJ's failure to include any of Brent's identified mental limitations in the hypothetical questions to the VE. [*Id.* at 55-60.]

The Court is not persuaded by the Commissioner's arguments to the contrary. The Commissioner focuses almost exclusively on whether any medical opinion or evidence presented by Brent showed that he had work-related mental limitations greater than those "mild" limitations set by the ALJ. [Dkt. 14 at 9-11.] The issue is not whether Brent's mental limitations are more severe than the "mild" limitations determined by the ALJ; rather, it is whether the ALJ properly assessed and accounted for Brent's mild mental limitations when formulating the RFC and posing the hypothetical questions to the VE. *Ray*, 915 F.3d at 492 ("[T]he ALJ must later consider the limitations imposed by all impairments, severe and non-severe."). The ALJ did not sufficiently

explain why the mental limitations, as he found them, were not included in the RFC or in his questions to the VE. Accordingly, the Court finds that remand is appropriate.[5]

B. Other Arguments

Having found that remand is necessary for the reasons detailed above, the Court declines to substantively address Brent's remaining arguments, other than to the extent it already has in addressing various issues discussed above.

IV. CONCLUSION

For the reasons explained above, the Court **REVERSES** the Commissioner's decision denying Brent benefits from the alleged onset date of January 10, 2015, and the date last insured of September 30, 2016, and **REMANDS** this case to the Social Security Administration. Final judgment shall issue accordingly.

**SO ORDERED.**

Date: 3/21/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Katie E. Brinkmeyer
Law Office of Annette Rutkowski LLC
katiebrinkmeyer@annetteatty.com

Annette Lee Rutkowski
LAW OFFICE OF ANNETTE RUTKOWSKI LLC
Annetter@AnnetteAtty.com

---

[5] Brent appears to cursorily state, without argument, that an award of benefits is appropriate. [Dkt. 12 at 28.] "An award of benefits is appropriate, however, only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). Brent has not shown or developed an argument that all factual issues have been resolved or that the record supports only one conclusion; accordingly, remand for further proceedings is the appropriate remedy in this case.

Alison T. Schwartz
SOCIAL SECURITY ADMINISTRATION
alison.schwartz@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov